## VALENTINO & BROWN *v.* STAFFORD *et al.*

Upon a rule against an officer to distribute money, the court, under a misapprehension, having proceeded with the trial and allowed contesting claimants to introduce evidence when there was really no issue of fact on the record, should, upon discovering the mistake, have allowed an issue to be written out, tendered and filed, instead of ruling out all the evidence received and directing a verdict in favor of some of the contestants and against another, solely on the apparent merits as shown by the documents presented by the respective parties as the foundation of their liens on the fund.
April 30, 1894. Argued at the last term.

Rule against constable. Before Judge SWEAT. Glynn superior court. December term, 1892.

CROVATT & WHITFIELD, for plaintiffs in error.

SIMMONS, Justice.

A constable sold certain property under legal process, and there were a number of claimants to the fund arising from the sale, among whom were the plaintiffs in error. A rule to distribute the fund was brought against the constable, and the case was submitted to a jury. After all the evidence offered by the parties at issue had been submitted to the jury and full argument had been made to the jury by counsel for all the parties, the judge discovered that the issues had not been reduced to writing, and that there was nothing except the several processes claiming the fund before the court for its consideration. He thereupon determined that he alone was authorized to decide the case, and he directed the jury to render a verdict for certain of the claimants. Counsel for the plaintiffs in error requested the court to be allowed to reduce the issues to writing, in order that the case might proceed to verdict and judgment. The court refused to allow this, and ordered the jury to return a verdict as above stated.

We think the court ought to have granted this re-

quest. It would have taken but a few moments to re-
duce the issues to writing, and it appears to have been
as much the mistake of the court as of counsel that the
case proceeded to trial without this having been done.
The record discloses that some of the parties claiming
this fund and who were deprived of it by the action of
the court, had meritorious claims upon the fund; and
for this reason alone, if for no other, the court ought to
have allowed the issues to be made up and the jury to
pass upon them, instead of ruling out all the evidence
which had been received up to that time and directing
a verdict in favor of some of the claimants and against
others.                                *Judgment reversed.*